UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROD D THOMMASSIE, SR. | CIVIL ACTION |
| VERSUS | NO. 12-2750 |
| ANTILL PIPELINE CONSTRUCTION CO., INC., ET AL. | SECTION "L" (2) |

### ORDER & REASONS

Before the Court is Plaintiff Rod Thommassie's motion to remand or, alternatively, to dismiss without prejudice. (Rec. Doc. 41). Having considered the parties' memoranda, as well as the applicable law, the Court now issues this order.

### I.  BACKGROUND

This case arises out of an injury sustained aboard an airboat near Houma, Louisiana. On the afternoon of November 16, 2011, Mr. Thommassie, a swamp buggy and heavy equipment operator, slipped and fell on mud or debris located on the deck of airboat that was sitting in less than a foot of water. As a result, he allegedly suffered severe injuries to his left arm and torso.

On November 13, 2012, Mr. Thommassie filed a complaint against Williams Mid-South Pipelines, LLC, and Williams Petroleum Pipeline Services, LLC, the alleged owners of the airboat. (Rec. Doc. 1). The complaint states that subject matter jurisdiction is based on both diversity and the Longshore and Harbor Workers' Compensation Act ("LHWCA"), specifically 33 U.S.C. § 905(b). Specifically, he alleges that his injuries were caused by the negligence of Williams Mid-South Pipelines and Williams Petroleum Pipeline Services and seeks general and specific damages. Further, he states that he made a claim for and received compensation under the LHWCA.

On August 20, 2013, Mr. Thomamassie amended his complaint, substituting Williams Mid-South Pipelines and Williams Petroleum Pipeline Services with Defendants Antill Pipeline Construction Co., Inc. and Transcontinental Gas Pipe Line Company, LLC. (Rec. Doc. 16). Antill is "organized according to the laws of the State of Louisiana." (*Id*. at 2.). On September 14, 2013, Intervenor American Interstate Insurance Company filed a complaint against Mr. Thommassie, Antill, and Transcontinental seeking reimbursement for payments made under the workers' compensation insurance policy it issued to Mr. Thommassie's employer.

## II. PRESENT MOTION

Mr. Thommassie now moves to remand or, alternatively, dismiss without prejudice. (Rec. Doc. 41). Specifically, Mr. Thommassie argues that federal diversity jurisdiction was destroyed when he amended his complaint to add a non-diverse party. Because of this, he argues that the matter must be "remanded to a state court of competent jurisdiction" or "dismissed, without prejudice." (Rec. Doc. 41-1 at 1). Antill, Transcontinental, and American respond. (Rec. Docs. 46, 47). They argue that, even without diversity jurisdiction, the matter may proceed on the basis of admiralty jurisdiction because Mr. Thommassie has asserted a claim under the LHWCA. Antill also suggests that it will be prejudiced if the matter is dismissed because it will be time-barred from asserting limitation of liability as an affirmative defense in a subsequent proceeding.

## III. LAW & ANALYSIS

There is some dispute as to the nature of the present motion. Mr. Thommassie terms it a motion to remand to state court or, in the alternative, a motion to dismiss without prejudice, however it must be the alternative because he brought the action in this Court, not state court. As a motion premised on jurisdictional grounds, it is properly evaluated under Rule 12(b)(1) or 12(h)(3), which pertain to dismissal for lack of subject matter jurisdiction, not Rule 41(a)(2), which pertains to voluntary dismissal.

It is well-established that "[i]t is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Fed. Election Com'n*, 138 F.3d 144, 151 (5th Cir. 1998). Lack of subject matter jurisdiction may be considered at any time, either on the motion of a party pursuant to Rule 12(b)(1) or by a court itself pursuant to Rule 12(h)(3). Regardless of how the issue is raised, "[a] court can find that subject matter jurisdiction is lacking based on . . . the complaint alone." *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). An amended complaint that adds a nondiverse defendant will always divest the court of diversity jurisdiction.[1] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987). Here, Mr. Thommassie's amended complaint deprived this Court of diversity jurisdiction by adding Antill, which like Mr. Thommassie himself, is a citizen of Louisiana.

In the absence of diversity jurisdiction, it is necessary to determine whether there is alternate basis for subject matter jurisdiction upon which this action may proceed. Specifically, the issue is whether admiralty jurisdiction exists.[2] Ordinarily, "[t]he burden is on a plaintiff to allege and invoke jurisdiction."[3] *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975). Pursuant to the pleading rules, all complaints must contain "a short and plain statement of the grounds for the court's jurisdiction." FED. R. CIV. P. 8(a)(1). Any claim that is cognizable under the court's admiralty jurisdiction must be "identified" or "designated" as an admiralty claim, otherwise it will be presumed to be grounded in federal question or diversity jurisdiction.[4] FED. R. CIV. P. 9(h)(1). Although these requirements are not intended to "extend or limit"

---

[1] For this reason, such an amendment often deserves closer scrutiny. *See Hensgens*, 833 F.2d at 1181. That said, "leave to amend 'should be freely given when justice so requires.'" *Id.* (quoting FED. R. CIV. P. 15). Mr. Thommassie filed a motion to amend on July 24, 2013, which was granted without opposition on August 20, 2013.

[2] A district court may preside over "[a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333.

[3] For instance, the United States Court of Appeals for the Fifth Circuit has held that the "[f]ailure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804–805 (5th Cir. 1991).

[4] Ordinarily, a complaint may be later amended to add or remove such a designation. *Bodden v. Osgood*, 879 F.2d 184, 186 (5th Cir. 1989).

jurisdiction, FED. R. CIV. P. 82, the United States Court of Appeals for the Fifth Circuit has held that, "[t]o invoke the admiralty jurisdiction, a plaintiff must insert a statement in his pleading identifying the claim," *Bodden v. Osgood*, 879 F.2d 184, 186 (5th Cir. 1989) Stated differently, a "plaintiff may elect to have a suit treated as either a diversity or admiralty suit, each option having advantages and disadvantages, but the plaintiff's case will be treated as one in admiralty 'by a simple statement in his pleading to the effect that the claim is an admiralty or maritime claim.'" *T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 587 (5th Cir. 1983) (quoting FED. R. CIV. P. 9(h)(1)). For instance, the district court in *Cameron Offshore Boats, Inc. v. Alpine Ocean Seismic Surveys*, held that an action that had been removed on the basis of diversity jurisdiction could not then be sustained by admiralty jurisdiction alone because the "plaintiff's petition contain[ed] no statement which could conceivably evidence reliance upon admiralty or maritime law." *Cameron Offshore Boats, Inc. v. Alpine Ocean Seismic Surveys*, 862 F. Supp. 1578, 1583 (W.D. La. 1994).

Likewise, Mr. Thommassie has not invoked admiralty jurisdiction in his original or amended complaint. Specifically, the jurisdictional statement in his original complaint indicates that the action is brought pursuant to 28 U.S.C.§ 1332, which provides a basis for diversity jurisdiction, and pursuant to 33 U.S.C. § 905(b), which does not provide any basis for jurisdiction, but "only authorizes a cause of action when jurisdiction already exists." *Margin v. Sea-Land Servs., Inc.*, 812 F.2d 973, 975 (5th Cir. 1987). Further, his original and amended complaints do not identify or designate his claim as an admiralty claim. Even if there were some question as to whether an identification or designation had been made, the substance of his complaints do not appear to create any basis for admiralty jurisdiction. For instance, the "vessels" described in the complaint

are those "*used in marshland construction settings*," without reference to navigable waters.[5] (Rec. Doc. 1 at 4). In sum, Mr. Thommassie has not elected to invoke admiralty jurisdiction, nor does it appear, on the face of the complaint, that such jurisdiction exists. Mr. Thommassie had the option to make such an identification or designation in the amended complaint (or in yet another amended complaint), however he has chosen not to do so. Instead, he seeks dismissal for lack of subject matter jurisdiction.

IV. **CONCLUSION**

For these reasons, **IT IS ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE.**[6]

New Orleans, Louisiana, this 4th day of June, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

[5] Oddly, even Antill, in its pending motion for summary judgment, suggests that there is no basis for admiralty jurisdiction, albeit in a discussion of Mr. Thommassie's standing to bring a § 905(b) claim:

> Because the work plaintiff was conducting did not involve loading or building ships plaintiff cannot satisfy the "status" requirement of the LHWCA. Furthermore, . . . the "ditch" where the alleged incident occurred is nothing more than mud and marsh grass and it is not capable of serving as a highway for commerce similar to the bayous the *Dardar* Court refused to classify as navigable. Because plaintiff's work fails the "status" requirement and the "ditch" was nothing more than mud and marsh grass and cannot be classified as navigable, it is clear plaintiff cannot satisfy either the "status" or "situs" requirements of the LHWCA and, therefore, lacks standing to bring a claim against Defendants under § 905(b).

(Rec. Doc. 53-1 at 7). Likewise, in its statement of uncontested facts, Antill notes that "[t]he 'ditch' where the alleged incident occurred is nothing more than mud and marsh grass and it is not capable of serving as a highway for commerce." (Rec. Doc. 53-7).

[6] "The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction" *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Accordingly, this Court has no option but to dismiss these claims without prejudice.