UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROD D THOMMASSIE, SR. | CIVIL ACTION |
| VERSUS | NO. 12-2750 |
| ANTILL PIPELINE CONSTRUCTION CO., INC., ET AL. | SECTION "L" (2) |

ORDER & REASONS

Before the Court is Defendant Antill's Motion for Reconsideration of the Court's dismissal for lack of subject matter jurisdiction. (Rec. Docs. 59, 60). Having considered the memorandum, as well as the applicable law, the Court now issues this order.

I.      BACKGROUND

This case arises out of an injury sustained aboard an airboat near Houma, Louisiana. On the afternoon of November 16, 2011, Mr. Thommassie was employed by B&S Equipment Co. as a swamp buggy and heavy equipment operator when he slipped and fell on mud or debris located on the deck of airboat that was sitting in less than a foot of water. As a result, he allegedly suffered severe injuries to his left arm and torso.

On November 13, 2012, Mr. Thommassie filed a complaint against Williams Mid-South Pipelines, LLC, and Williams Petroleum Pipeline Services, LLC, the alleged owners of the airboat. (Rec. Doc. 1). The complaint states that subject matter jurisdiction is based on both diversity and § 905(b) of the Longshore and Harbor Workers' Compensation Act ("LHWCA"). Specifically, he alleges that his injuries were caused by the negligence of Williams Mid-South Pipelines and Williams Petroleum Pipeline Services and seeks monetary damages. Further, he states that he made a claim for and received compensation under the LHWCA.

On August 20, 2013, Mr. Thomamassie amended his complaint, substituting Williams Mid-South Pipelines and Williams Petroleum Pipeline Services with Defendants Antill Pipeline Construction Co., Inc. and Transcontinental Gas Pipe Line Company, LLC. (Rec. Doc. 16). Antill is "organized according to the laws of the State of Louisiana." (*Id*. at 2.). On September 14, 2013, Intervenor American Interstate Insurance Company filed a complaint against Mr. Thommassie, Antill, and Transcontinental seeking reimbursement for payments made under the workers' compensation insurance policy it issued to Mr. Thommassie's employer.

On February 20, 2014, Mr. Thommassie moved to remand or, alternatively, dismiss without prejudice. (Rec. Doc. 41). On June 4, 2014, the Court dismissed the action without prejudice. (Rec. Doc. 59). Specifically, the Court ruled that it lacked subject matter jurisdiction because Mr. Thommassie's amended complaint divested complete diversity. The Court found no other basis for subject matter jurisdiction, noting that 33 U.S.C. § 905(b) provided no independent jurisdictional basis.

## II.     PRESENT MOTION

Antill now moves for reconsideration of the Court's dismissal without prejudice. (Rec. Doc. 60). Antill argues that it would suffer a manifest injustice if the Court does not reconsider its order to dismiss without prejudice. Antill explains it raised the affirmative defense of limitation of liability in its Answer before this Court, and noted that it had no reason to file a separate Complaint in Limitation in federal district court. Antill argues that the Court did not consider the effect that the dismissal would have on Antill: the six-month prescription period has now passed and Antill is thus barred from arguing for limitation of liability in any state court proceedings that might commence. This scenario, Antill argues, constitutes a manifest injustice that should give the Court reason to modify or amend the dismissal order. In the alternative,

2

Antill argues that this Court should allow the parties to present arguments about Antill's prior

Motion for Summary Judgment.  (Rec. Doc. 53).

### III.    LAW & ANALYSIS

A Federal Rule of Civil Procedure 59(e) motion "is not the proper vehicle for rehashing

evidence, legal theories, or arguments that could have been offered or raised before the entry of

judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v.*

*United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, Rule 59(e) serves the narrow

purpose of correcting manifest errors of law or fact, or presenting newly discovered evidence.

*Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990); *Templet*, 367

F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "'Manifest

error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the

controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting

*Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)). The United States

Court of Appeals for the Fifth Circuit has noted that altering, amending, or reconsidering a

judgment under Rule 59(e) "is an extraordinary remedy that should be used sparingly." *Templet*,

367 F.3d at 479 (citing *Clancy v. Emp'rs Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La.

2000)). "A Rule 59(e) motion should not be used to re-litigate prior matters that . . . simply have

been resolved to the movant's dissatisfaction." *Voisin v. Tetra Techs., Inc.*, 2010 WL 3943522, at

*2 (E.D. La. Oct. 6, 2010). District courts have "considerable discretion in deciding whether to

grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

Yet at the same time, the Rule 59(e) standard "favors denial of motions to alter or amend."

*S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Antill's motion for reconsideration does not meet this strict standard. Notably, Antill raises the same issues and arguments that it raised in its prior memorandum regarding the motion to dismiss. Perhaps most importantly, Antill does not address the Court's ruling that it lacks subject matter jurisdiction. As explained in the dismissal order, the issue of subject matter jurisdiction is a threshold question: a federal district court is *required* to dismiss an action whenever it lacks subject matter jurisdiction. *Stockman v. Fed. Election Com'n*, 138 F.3d 144, 151 (5th Cir. 1998). The passing of the prescription period notwithstanding, this Court has no authority to adjudicate a case – such as this one – where it lacks subject matter jurisdiction.[1]

*Vatican Shrimp Co. v. Solis*, which Antill relies on, provides that "[t]he district court, having jurisdiction to hear the entire case initially filed with it, can adjudicate and rule on a limited liability [defense] that is raised in a properly filed answer." 820 F.2d 674, 678. (5th Cir. 1987). Importantly, such adjudication is only permissible where the district court actually *has* jurisdiction. The limitation of liability defense under § 183 is only that: a defense. Here, the Court has concluded that it does not have jurisdiction over the complaint. Without jurisdiction, this Court has no ability to entertain Mr. Thommassie's claims nor Antill's affirmative defenses.

---

[1] The Court also notes that Antill could have filed a § 185 limitation of liability petition in district court in the event the matter was remanded to state court or dismissed without prejudice. Antill, however, apparently chose not to do so. Thus, any alleged injury is of Antill's own making. In *Karim v. Finch Shipping Co.*, 265 F.3d 258, 266 n.10 (5th Cir. 2001), the Fifth Circuit explained:

> [I]f a shipowner has not filed its § 185 petition within the six-month time frame, it forfeits that defense. In order to ensure access to limitation of liability, shipowners must therefore file § 185 petitions in federal court to account for the possibility that the petitions may be contested. Finch asserts that, because of *Vatican Shrimp,* it is essentially required to file a § 185 petition.

> However, as stated in the text, Finch is not "required" to take advantage of defenses offered under federal statutes; its action is voluntary in that it made a strategic choice to avail itself of a United States statutory defense to limit its liability. Once again, if Finch wishes to take advantage of a benefit offered by United States laws, it cannot be heard to complain (after the need for the defense may have evaporated) that the very United States court it voluntarily petitioned and utilized had no power over it.

## IV.    CONCLUSION

Accordingly, **IT IS ORDERED** that Antill's motion for reconsideration (Rec. Doc. 60)

is **DENIED**.


New Orleans, Louisiana, this 28th day of July, 2014.


_____
                              UNITED STATES DISTRICT JUDGE